UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ABEL CRUZ and MIGUEL THOMAS,<br><br>Defendants. | CASE NO. 2:22-cr-00179-LK<br><br>ORDER GRANTING IN PART DEFENDANTS' UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

This matter comes before the Court on Defendants Miguel Thomas and Abel Cruz's unopposed motion to continue the trial date from October 23, 2023 to April 22, 2024, and to continue the pretrial motions deadline from September 11, 2023 to March 11, 2024. Dkt. No. 59 at 1; Dkt. No. 59-1 at 1–2.[1] The Government does not oppose the motion. Dkt. No. 59 at 2.

Mr. Cruz is charged with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. Dkt. No. 1 at 1–2. Mr. Thomas is likewise charged with Conspiracy to Distribute Controlled Substances, along with Possession of a

---

[1] The motion asks the Court to extend trial to April 22, 2023, Dkt. No. 59 at 1, but this appears to be a typo; the proposed order continues trial until April 22, 2024. Dkt. No. 59-1 at 2.

ORDER GRANTING IN PART DEFENDANTS' UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

1  Controlled Substance with Intent to Distribute and Carrying a Firearm During and in Relation to a
2  Drug Trafficking Crime. *Id.* at 1–3; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846; 18
3  U.S.C. § 924(c)(1)(A)(i). Trial is currently scheduled for October 23, 2023. Dkt. No. 50 at 3.

4        Defendants request a new trial date of April 22, 2024 because their attorneys need
5  additional time to "obtain and review discovery, conduct any appropriate investigation and prepare
6  for the trial of this matter." Dkt. No. 59 at 1–2. Counsel for Defendants further represent that they
7  each have jury trials scheduled to begin this month. *Id.* at 2. Both Defendants have filed waivers
8  under the Speedy Trial Act, waiving their right to a speedy trial through at least May 22, 2024.
9  Dkt. No. 58 at 1; Dkt. No. 61 at 1.

10       Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by
11 granting a continuance of trial outweigh the best interest of the public and the Defendants in any
12 speedier trial. Specifically, the Court finds that failure to grant the requested continuance would
13 likely result in a miscarriage of justice and would deny defense counsel the reasonable time
14 necessary for effective preparation, taking into account the exercise of due diligence, due to
15 counsel's need for more time to review discovery, consider pretrial motions and defenses, consult
16 with their clients, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that
17 the additional time requested is a reasonable period of delay and will be necessary to provide
18 counsel and Defendants reasonable time to accomplish the above tasks.

19       However, the Court defers its ruling on Defendants' motion to continue the pretrial motions
20 deadline. Defendants have once again filed their motion to continue well after this deadline passed.
21 *See* Dkt. No. 50 at 2 n.1. When Defendants previously filed an untimely motion to continue this
22 deadline, the Court warned them that "a failure to timely raise a pretrial objection required by Rule
23 12, absent a showing of good cause, constitutes a waiver[.]" *Id.* (quoting *United States v. Ghanem*,
24 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up)). Defendants' motion provides no explanation—

let alone good cause—for why Defendants could not file their motion before the deadline. *See generally* Dkt. No. 59.

For these reasons, the Court GRANTS IN PART the motion, Dkt. No. 59, ORDERS that the trial date for both Mr. Cruz and Mr. Thomas shall be continued from October 23, 2023 to April 22, 2024, DEFERS ruling on Defendants' request to continue the pretrial motions deadline to March 11, 2024, and ORDERS Defendants to show cause by October 26, 2023 why their failure to timely file the instant motion should not constitute a waiver of pretrial objections. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act.

Dated this 12th day of October, 2023.

Lauren King
United States District Judge