UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ABEL CRUZ and MIGUEL THOMAS,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:22-cr-00179-LK<br><br>PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY |

　　This matter comes before the Court on the Government's Motion for a Protective Order Restraining Certain Forfeitable Property. Dkt. No. 97. Abel Cruz has not responded to or otherwise opposed the motion.[1] Mr. Cruz is currently scheduled for trial on April 22, 2024. Dkt. No. 62 at 3.

　　The Government seeks a protective order to maintain custody, pursuant to 21 U.S.C. § 853(e)(1)(A), of the following property (the "Subject Currency"):

---

[1] Mr. Cruz's co-defendant, Miguel Thomas, has pleaded guilty and is scheduled for sentencing on March 22, 2024. Dkt. Nos. 74–76, 78, 100.

PROTECTIVE ORDER RESTRAINING CERTAIN
FORFEITABLE PROPERTY - 1

     a. $29,486 in U.S. Currency, seized on or about October 25, 2022, from Defendant Abel Cruz's residence, located at 2311 Kent Des Moines Road, Apt. B105, Des Moines, Washington.

The Court, having reviewed the filings in this matter, including the Government's motion and the supporting Declaration of Federal Bureau of Investigation Special Agent Allana Kleinosky, Dkt. No. 98, hereby FINDS that entry of a protective order restraining the Subject Currency is appropriate because:

- The United States gave notice of its intent to pursue forfeiture in the Indictment returned on October 19, 2022, Dkt. No. 1 at 3–4, and in the Amended Forfeiture Bill of Particulars, Dkt. No. 54 at 1–2;

- Based on the facts set forth in the Declaration of Special Agent Kleinosky, Dkt. No. 98, there is probable cause to believe the Subject Currency may, upon Mr. Cruz's conviction, be forfeited in this case;[2] and,

- To ensure the Subject Currency remains available for forfeiture, its continued restraint pursuant to 21 U.S.C. § 853(e)(1) is appropriate.

NOW, THEREFORE, THE COURT ORDERS:

1. The Government's motion for a protective order restraining the Subject Currency pending the conclusion of this case, Dkt. No. 97, is GRANTED; and,

---

[2] Notably, investigators intercepted several communications between Mr. Cruz and Mr. Thomas relating to narcotics distribution, and subsequently conducted physical surveillance indicating that Mr. Cruz resided at the premises where they recovered the Subject Currency pursuant to a search warrant. Dkt. No. 98 at 5–10. And while executing the search warrant on October 25, 2022 at 2311 Kent Des Moines Road, Apt. B105, in Des Moines, Washington, law enforcement found and arrested Mr. Cruz, and also recovered the Subject Currency in what was identified as his bedroom based on indicia documents such as his wallet and other personal possessions. *Id.* at 10. Based on her experience, Special Agent Kleinosky avers that drug trafficking is a cash-based business and that drug traffickers keep United States currency on hand, often in secure locations such as their vehicles or residences. *Id.* at 11. Thus, she attests (and the Court agrees) that there is probable cause to believe Mr. Cruz possessed the Subject Currency to facilitate his "*Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, as charged in Counts 1 the Indictment." *Id.* at 12.

2. The Subject Currency shall remain in the custody of the United States, and/or its authorized agents or representatives, pending the conclusion of this criminal case, to include any ancillary forfeiture proceedings, and/or further order of the Court.

Dated this 20th day of March, 2024.

                                                                              Lauren King  
                                                                              United States District Judge